# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　*Plaintiff*,<br><br>　　v.<br><br><br>EUGENE HENLEY, JR., *et al*,<br>　　　　*Defendant*. | No. 2:25-cr-00211-FLA-1<br><br><br>**[PROPOSED] ORDER** |

　　The Court, having considered Defendant's Motion for Temporary Release Under 18 U.S.C. § 3142(i), any opposition thereto, and the entire record, finds that GOOD CAUSE has been shown and that the requested temporary release is necessary for a compelling reason.

　　IT IS HEREBY ORDERED that Defendant Eugene Henley, Jr., shall be temporarily released from custody on Friday, November 21, 2025, for the limited purpose of participating in mandatory Islamic funeral rites at the Islamic Society of Orange County (ISOC) mortuary/mosque, subject to the following conditions:

1. <u>Continuous Electronic Monitoring</u>

   Defendant shall be subject to continuous electronic monitoring for the entirety of the temporary release period. Monitoring shall be installed, activated, and controlled by the United States Probation Office, which shall have authority to set and enforce all monitoring parameters and to receive and act on alerts.

2. <u>Independent Private Security Detail</u>

   Defendant shall be escorted at all times by a private security detail retained by Defendant's family or designated responsible third party. The security detail

shall be independently managed and controlled by an outside third party and shall not be subject to Defendant's direction. The security provider and an operational plan (including staffing, transport, routes, and contingencies) must be pre-approved by the United States Probation Office no later than November 20, 2025 prior to release.

3. Affidavit of Surety and Cash Security

   As an additional condition, Defendant shall execute (or cause to be executed) an affidavit of surety acceptable to the Court, secured by a reasonable cash amount in the sum of $[amount], to be posted with the Clerk prior to release. Failure to comply with any condition of this Order may result in forfeiture.

4. Limited, Specific Itinerary and Schedule

   Defendant's travel shall be strictly limited to direct transport between MDC–Los Angeles and the ISOC mortuary/mosque (9752 13th Street, Garden Grove, CA 92844).

   - Departure: 8:00 a.m. from MDC–LA.
   - Return: Promptly following the conclusion of Salat al-Janazah and in no event later than 4:30 p.m. the same day.

   No deviations are permitted absent logistical necessity approved in real time by the United States Probation Office. A written itinerary, including intended routes and time estimates, shall be provided to Probation at least 24 hours in advance.

5. No-Contact Restrictions

   During the period of release, Defendant shall have no contact, direct or indirect, with any witnesses, co-defendants, or alleged victims in this matter. Contact is limited to immediate family members, ISOC religious personnel, private security personnel, and United States Probation personnel.

6. Costs

All costs associated with electronic monitoring, private security, and transportation shall be borne by Mr. Henley's family or a designated responsible third party.

7. Additional Conditions and Compliance

Defendant shall comply with any additional conditions imposed by the Court or required by the United States Probation Office to ensure appearance and public safety. Probation is authorized to take any lawful action necessary to ensure compliance, including immediate revocation of temporary release upon violation or for cause.

8. Recommitment

Upon completion of the permitted activities—no later than 4:30 p.m. on November 21, 2025—Defendant shall be returned directly to MDC–Los Angeles. All temporary release conditions terminate upon recommitment.

IT IS SO ORDERED.

Dated: November __, 2025

_____
HON. FERNANDO L. AENLLE-ROCHA
UNITED STATES DISTRICT JUDGE