Kristen N. Richards (Bar No. 277217)
Anthony M. Solis (Bar No. 198580)
Anthony M. Solis, APLC
23679 Calabasas Road, Suite 412
Calabasas, CA 91302
Email: knrichards85@gmail.com
Telephone:  (310) 940-9624

Attorney for Defendant
MARK MARTIN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARK MARTIN, et al,<br><br>　　　　　Defendants. | Case No. 2:25-cr-00211-FLA<br><br>**Defendant Mark Martin's Joinders to Co-Defendants' PreTrial Motions (Dkts. 175, 180, 181, 182, 194, 244); Declarations** |

Defendant Mark Martin, by and through her counsel of record, Kristen N. Richards, hereby joins in multiple pretrial motions filed by co-defendants in the instant matter, as listed below.

This joinder is based upon the points and authorities set forth in motions and their respective replies that were filed by multiple defendants in this matter. This joinder is also based upon the attached declarations of Mark Martin and Kristen N. Richards.

//

1

Motions that Mark Martin joins:

1) Mr. Robinson's Motion to Dismiss for Outrageous Government Conduct (Dkt. 175). Mr. Martin is charged in Counts 1 and 4 and joins in the motion requesting dismissal of those counts.

2) Mr. Henley's Motion to Dismiss Count 1 (Dkt. 180). Mr. Martin is charged in Count 1.

3) Mr. Henley's Motion to Sever Counts (Dkt. 181). Mr. Martin joins in the request to sever Count 1 from all other counts. Mr. Martin joins in the request to sever Count 40 from all counts other than those alleged in Counts 20-43.

4) Mr. Henley's Motion to Compel (Dkt. 182). Mr. Martin is charged in Count 1 and joins in the request for identification of the individuals "known and unknown to the Grand Jury" as charged in the Indictment. Mr. Martin is also charged in Counts 4. 18 and 40 and joins in the same request.

5) Mr. Henley's Motion to Suppress Intercepted Communications that was filed *under seal* (Dkt. 194). Mr. Martin's communications with Mr. Henley were intercepted and Mr. Martin later became a target of later wiretap applications. (See *Declaration of Mark Martin* attached hereto).

6) Mr. Henley's Request for Reassignment (Dkt. 244). Mr. Martin joins in the request that a different district court judge consider the suppression motions filed by Mr. Henley and further makes the same request for the consideration of Mr. Martin's suppression motion (Dkt. 174). (See *Declaration of Kristen N.*

2

*Richards*). Mr. Martin joins not only in Mr. Henley's request, but also asserts that the government engaged in forum shopping.

//

//

Dated: March 4, 2026    KRISTEN N. RICHARDS
Anthony M. Solis, APLC


*/s/ Kristen N. Richards*
By: Kristen N. Richards
Anthony M. Solis, APLC
Attorney for Mark Martin

## DECLARATION OF MARK MARTIN

I, Mark Martin, hereby state and declare as follows:

1. I am a defendant in <u>United States v. Henley, et al.</u>, CR 25-211-FLA pending before this Court. This declaration is made with the understanding that nothing stated in the declaration may be used against me or entered into evidence in the government's case-in-chief pursuant to the holding in <u>Simmons v. United States</u>, 390 U.S. 377 (1968). This declaration is submitted for the sole purpose of establishing my standing to join in my co-defendant, Mr. Henley's, motion to suppress intercepted communications filed under seal at Docket 194.

2. I participated in telephone calls with Mr. Henley on February 14, 2023 (OA 28), February 21, 2023 (OA 34), February 23, 2023 (OA 35), and November 7, 2022 (OA 147). This list is not fully inclusive of all calls made between Mr. Henley and myself that were intercepted by law enforcement and the government. I understand that these telephone calls were intercepted by federal law enforcement pursuant to a Title III wiretap.

3. Some of these calls were also used by the government in an attempt to establish probable cause in later warrant applications, including a Title III warrant for TT#4 from March 27, 2023 through April 25, 2023, and a search and an interception warrant for "Under the Hood Muscle Cars" made on May 30, 2023 and June 6, 2023.

4. As such, I assert a privacy interest and standing to challenge the legality of all of the wiretap applications and warrants, and any evidence derived from them, that Mr. Henley has filed to suppress.

I declare under penalty of perjury under the laws of the United States and the State of California that the above is true and correct to the best of my knowledge and belief.

//

Dated: March 3, 2026

_____
Mark Martin

1

**Declaration of Kristen N. Richards**

I, Kristen N. Richards, declare under penalty of perjury as follows:

1. I am an attorney, duly licensed to practice law in the State of California and am admitted to practice in the Central District of California. I have been court-appointed to represent Mark Martin in this matter.

2. On February 16, 2026, after reviewing the public docket for <u>USA v. Forbes</u>, 24-cr-576, and <u>USA v. Mitchell</u>, 25-cr-132, I spoke on the phone, at length, with counsel for Mr. Forbes, Matthew Binninger. Mr. Binninger, who is on the CJA Panel in the CASD and was recruited to be available for the takedown on March 19, 2026, recalled the day of the arraignment on March 19, 2025 along with some details of the case. He indicated to me that either at the arraignment of his client, on March 19, 2025, or some time later that same day, he had received the discovery for his client. Also, of note, is that his wife, who is also on the CJA Panel in the CASD and was also recruited to appear that day, was appointed to represent Mr. Mitchell that same day. Mr. Binninger is not aware of any conflict relating to their respective representations of Forbes or Mitchell. Mr. Binninger related that he said that to the best of his recollection, the discovery produced to him in relation to Forbes only related to his client's sales of firearms and not to Mr. Mitchell or anyone else, including this <u>Henley</u> matter. This was of note to him because he had anticipated being appointed to someone who had relation to the takedown, but his impression was that his client was a one-off defendant who was swept up in the takedown but there were no indications or ties to any other defendants. Mr. Binninger did not recall knowing of Operation Draw Down.

3. I was not able to also confirm this information with Ms. Foster, who represents Mitchell, as she is currently on parental leave.

4. A cursory search was done of the discovery by the paralegal(s) appointed under the various defendants on this case for any discovery relating to Forbes. The only

1

item that appears to be disclosed in the vast discovery disclosure in this matter is a post-arrest interview of Forbes that occurred on March 19, 2025, which post-dates the charges. Nothing else was located.

5. After re-reviewing the Title III warrants in this matter, the only Operation Draw Down defendants who appeared in the affidavits for probable cause were Tiyon Jones and Zihirr Mitchell. The Title III wiretaps filed on November 2, 2022, December 20, 2022, and February 6, 2023 had a reference to Jones in that he sold firearms to CHS-5. Mitchell, and a phone attributed to him (TT3), are targets of the Title III wiretaps. Although his phone was wiretapped, and affidavits of probable cause made in the Title III applications put Mitchell as a member of the enterprise, Mitchell was charged in a standalone case charging him with felon in possession of a firearms and ammunition. Unlike Jones' appearance in the Title III applications due to his activities with a related CHS, Forbes is not mentioned.

6. On and since February 16, 2026, I have spoken with many of the other counsel who represented Operation Draw Down defendants. I have also reviewed their indictments and any plea agreements that were filed in their respective cases. None of those indictments or their plea agreements, including for Mitchell, include any language associating them with Rollin' 60s, Mr. Henley, or any other defendant in this matter. There were three counsel who indicated that Rollin' 60s was mentioned in the various search warrants related to their clients – David Silldorf and Sydney Rusch for defendant Hala, Owen Roth for defendant Britten, and DFPD Lisa LaBarre for defendant Green.

I declare under penalty of perjury under the laws of the United States and the State of California that the above is true and correct to the best of my knowledge and belief. Executed this 4th day of March in Los Angeles, California.

                                        /s/ Kristen N. Richards
                                        Kristen N. Richards