# EXHIBIT 170

# United States Department of Justice

## United States Attorney's Office
## Central District of California

*Kevin J. Butler / Jena A. MacCabe*
*Phone: (213) 894-6495/5046*
*E-mail: kevin.butler2@usdoj.gov/jena.maccabe@usdoj.gov*

*1300 United States Courthouse*
*312 North Spring Street*
*Los Angeles, California 90012*

March 17, 2026

**VIA E-MAIL**

Craig A. Harbaugh
Harbaugh Law, PC
360 E. 2nd Street, Suite 800
Los Angeles, CA 90012
213-986-8656
Email: craig@harbaugh.law

Scott Adam Pactor
Law Offices of Scott Pactor
934 23rd Street
San Diego, CA 92102
619-260-2636
Fax: 619-260-0058
Email: scottpactor@yahoo.com

Peter Johnson
Peter Johnson Law, P.C.
407 North Pacific Coast Highway, 651
Redondo Beach, CA 90277
310-295-1785
Fax: 213-219-2907
Email: peter@peterjohnsonlaw.com

Kristen Nicole Richards
Anthony M Solis APLC
23679 Calabasas Road Suite 412
Calabasas, CA 91302-1502
310-940-9624
Email: knrichards85@gmail.com

Michael M. Levin
Wegman and Levin APC
4605 Lankershim Boulevard, Suite 650
North Hollywood, CA 91602
818-980-4000
Fax: 818-980-4080
Email: mml@wegmanlevin.com

John D. Robertson
Law Offices of John D. Robertson APC
1021 South Union Avenue
Los Angeles, CA 90015
213-482-8893
Fax: 213-482-5002
Email: jdrlaw@hotmail.com

Carlos L. Juarez
Law Office of Carlos L. Juarez
PO Box 2464
Riverside, CA 92516-2464
951-742-7354
Fax: 951-742-7358
Email: juarezlaw52@yahoo.com

Kenneth A Reed
Law Offices of Kenneth A Reed
406 West 4th Street
Santa Ana, CA 92701
714-953-7400
Fax: 714-953-7412
Email: kenneth@kennethreedlaw.net

Re: United States v. Eugene Henley, et al.
No. 25-CR-211(A)-FLA

Government's Expert Disclosure re: Communication Detail Record and Geolocation Analysis

Counsel:

Pursuant to the 2022 Amendments to Federal Rule of Criminal Procedure 16(a)(1)(G), this letter constitutes the government's disclosure relating to its intention to call as a witness at trial in the above-captioned matter Professor Ellen P. Aprill, who may provide expert or opinion testimony pursuant to Rules 702, 703, and/or 705 of the Federal Rules of Evidence.

The government reserves the right to supplement this letter with additional information about Professor Aprill and/or her testimony prior to trial.

## I. Professor Ellen P. Aprill Methodology and Findings

At trial, the government intends to call Professor Aprill to testify regarding nonprofit organizations, tax laws associated with such organizations, and the rules and requirements of creating, maintaining, and documenting such organizations. Professor Aprill spent her career researching, writing, and teaching tax law and nonprofit organizations and her opinions are based on her extensive, decades-long practice in the field.

Based on this, the government expects Professor Aprill to testify, for example, regarding:

1) 26 U.S.C. § 501(c)(3) organization and operation requirements, to include that each must be exclusively for exempt purposes, that no part of net earnings may inure to the befit of any private shareholder or individual, and that the organization must not serve private interests beyond an insubstantial degree—and that these are legally binding requirements, not guidelines, required for tax exemption.

2) 501(c)(3)'s private inurement prohibition and the Treasury Regulations flatly prohibit any of an organization's net earnings from benefiting insiders, including founders, officers, directors, or substantial contributors; this prohibition would prohibit transferring donated funds from a charity account directly to the personal bank account of an officer;

   a. There is no legitimate operational reason for an organizational bank account to route incoming charitable donations to the personal account of its executive; payroll reimbursements and compensation flow through payroll systems with documentation and lump-sum transfers of donation proceeds to a personal account have no legitimate analog in proper nonprofit accounting;

   b. Same-day, next-day, or close-in-proximity transfers from a charity account to a personal account is consistent with intentional diversion, not operational necessity.

3) An officer of a 501(c)(3) with signatory authority over both organizational account and their personal account is not inherently improper, but creates a fiduciary responsibility—the officer is legally obligated to keep funds separate and use organizational funds only for organizational purposes.

4) Organizations receiving federal program funds are not only subject to 501(c)(3) rules but to additional grant compliance requirements, including that funds must be used subject to conditions placed on grants by the donor, including grants from federal program funds.

5) Annual reporting requirements on Form 990, including:

    a. Compensation of officers and highly compensated employees (Schedule J);

    b. Revenue, expenses, and program service accomplishments;

    c. Transactions with interested persons (Schedule L).

6) The available and appropriate sanctions available regarding 501(c)(3) organizations, including:

    a. Intermediate sanctions under 26 U.S.C. § 4958 for excess benefit transactions between an organization and a disqualified person that would confer an economic benefit and that an excise tax consequence illustrates the treatment of this conduct;

    b. Revocation of status upon finding that the organization was not operated for the exempt purposes or that private inurement, including substantial instances of excess benefit transactions, has occurred;

        i. Revocation can also be triggered by audits, whistleblower complaints, or referrals;

        ii. Once an organization's revocation is publicly announced by the IRS, all income from the revocation date may become taxable and donors who can no longer deduct their contributions.

7) Embezzled or diverted funds are taxable income to the recipient in the year they were received, even if obtained illegally;

    a. Without documentation, transferred funds from charitable account to personal account will not be treated as compensation or reimbursements and are thus not exempt from income tax.

8) Treasury Regulations and IRS guidance demand that an organization cannot qualify

for or maintain 501(c)(3) status if it has a substantial illegal purpose, which can be inferred from its activities, particularly criminal activities and activities by its leadership.

9) Donations to charitable organizations are required to be for the exempt purposes stated in any fundraising.

10) Nonprofit organizations receiving restricted grants are required to maintain fund accounting to track that restricted funds are used only for their designated purposes.

11) California Corporations Code § 5231 also imposes a duty of loyalty on directors and officers of nonprofit corporations as well as strict requirements for compensation.

## II. Qualifications, Bases, and Reasons for Findings

Professor Aprill's qualifications are described in her curriculum vitae, which is attached hereto. Professor Aprill has not testified as an expert witness previously.[1] Below is a list of her publications:[2]

- *2025 Erwin N. Griswold Lecture before the American College of Tax Counsel:* Memorial Hermann*: Rejecting Pro-Taxpayer Regulations under* Loper Bright*, forthcoming* The Tax Lawyer, available at https://papers.ssrn.com/sol3/papers.cfm?abstract_id=5396494.

- *Revoking Tax-Exemption for Pursuit of DEI and Other Alleged Forms of Discrimination, forthcoming* The Tax Lawyer, available at https://papers.ssrn.com/sol3/papers.cfm?abstract_id=5233657

- *Misunderstanding National Religious Broadcasters,* 188 Tax Notes Federal 581 (2025).

- *Fiduciaries, Constituencies, and the Duty of Loyalty in Modern Nonprofits* (with Jill R. Horwitz), 2025 Nonprofit Policy Forum.

- *Board Control of a Charity's Subsidiaries: The Saga of OpenAI* (with Rose Chan Lui and Jill R. Horwitz), 182 Tax Notes Federal 289 (2024).

---

[2] Fed. R. Crim. P. 16(a)(1)(G)(iii) requires the disclosure of a list of all publications authored in the previous 10 years.

- *Governmental and Semi-Governmental Federal Charitable Entities*, 74 Hastings Law Journal 155 (2023).
- *21st Century Churches and Federal Tax Law* (with Lloyd Hitoshi Mayer), University of Illinois Law Review.
- *Administrative Law Meets Section 501(c)(3) Charitable Purpose*, 77 The Tax Lawyer 213 (2024).
- *Tax Exemption Is Not a Subsidy – Except When It Is* (with Lloyd Hitoshi Mayer), Tax Notes Federal (September 20, 2021).
- *A Tax Lesson for Education Law*, Tax Notes Federal (May 17, 2021).
- *The University, Ideology, and Tax Exemption* (with Samuel D. Brunson), Tax Notes Federal (August 10, 2020).
- *Standards for Charitable Disaster Relief in the Time of Pandemic*, Tax Notes Federal (May 11, 2020).
- *The Private Foundation Excise Tax on Self-Dealing: Contours, Comparisons, and Character*, 17 Pittsburgh Tax Review 297 (2020).
- *A Tax Lesson for Election Law*, 164 Tax Notes 2259 (2019).
- *Revisiting Federal Tax Treatment of State, Political Subdivisions, and Their Affiliates*, 23 Florida Tax Review 73 (2019).
- *The Tax Legislative Process: A Byrd's Eye View* (with Daniel J. Hemel), 81 Law and Contemporary Problems 99 (2018).
- *Examining the Landscape of Section 501(c)(4) Social Welfare Organizations*, 21 NYU J. on Leg. and Pub. Pol. 345 (2018).
- *Amending the Johnson Amendment in the Age of Cheap Speech*, 2018 University of Illinois Law Review Online.
- *The Tax Status of Public Universities*, Tax Notes (January 22, 2018).
- *The Parsonage Exemption Subsidizes Religion* (with Adam Chodorow), 33 Exempt Organizations Tax Review (January 2018).
- *Section 501(c)(3) Organizations, Single Member Limited Liability Companies, and Fiduciary Duties*, 52 ABA Real Property, Trust and Estate Law Journal 1 (2017).
- *Charitable Class, Disaster Relief, and First Responders*, 153 Tax Notes 249 (November 14, 2016).
- *The Latest Installment of the Section 501(c)(4) Saga*, 13 Pittsburgh Tax Journal 1932 (2015).
- *King v. Burwell and Tax Court Review of Regulations*, 2015 Pepperdine L. Rev. 6 (2015).

- *Nonprofits and Political Activity: Lessons from England and Canada*, Tax Notes (March 10, 1014).

**III. Approval**

Consistent with Rule 16(a)(1)(G)(v), Professor Aprill's signature below signifies that she has reviewed the above disclosure and approves of its contents.

Ellen P. Aprill

Professor Ellen P. Aprill
John E. Anderson Professor of Tax Law Emerita, LMU Loyola Law School (Ret.); UCLA School of Law, Lowell Milken Center for Philanthropy and Nonprofits, Senior Scholar in Residence.

Please contact us if you believe that the notice that you have received provides inadequate notice under Rule 16(a)(1)(G). The government also reserves the right to supplement this expert notice in advance of trial.

In addition, pursuant to Fed. R. Crim. P. 16(b)(1)(C), the government hereby again requests reciprocal disclosure from the defense of any testimony defendant intends to use at trial under Fed. R. Evid. 702, 703, and/or 705 as well as all reciprocal discovery to which the government is entitled under Rules 16(b) and 26.2 of the Federal Rules of Criminal Procedure.

Please let me know if you have any questions or would like to further discuss any of the matters raised above.

Very truly yours,

KEVIN J. BUTLER
Assistant United States Attorney