# EXHIBIT 172

| Las Vegas Metropolitan Police Department<br>Forensic Laboratory<br><br>Report of Examination<br><br>Biology/DNA | **Distribution Date:** March 22, 2023<br>**Agency:** NLV PD<br>**Location:** NLVP<br>**Primary Case #:** 2101250001519<br>**Incident:** Homicide<br>**Requester:** Cherrier, P.<br>**Lab Case #:** 21-03398.4<br>**Supplemental 2** |
|---|---|
| **Subject(s):** | Eugene Henley (Suspect) |

The following evidence was received and examined:

| Lab Item # | Impound Pkg # | Impound Item # | Description | Results, Opinions, and Interpretations | Available for Additional Testing? |
|---|---|---|---|---|---|
| Item 16 | 1810 - 00073972 | 1 | Empty Ozarka plastic water bottle* | | Yes |
| Item 16.1 | | | -Swabbing from the mouth/rim area and underside of the cap | | No |
| Item 17 | 1810 - 00073973 | 2 | Silver metal fork | | Yes |
| Item 17.1 | | | -Swabbing from the prongs | | No |

*Item 16 was utilized as a surreptitious standard for all comparisons.

Refer to the original amended report by Forensic Scientist Leah Groveman P#15822 dated 8/5/2022 for information related to Items 4, 5.1.1, 5.2.1, 6.1.1, 6.2.1, 8 and 9.
Refer to the supplemental report by Forensic Scientist Leah Groveman P#15822 dated 8/18/2022 for information related to Items 11, 12 and 15.

Forensic Scientist Kimberly Dannenberger P#13772 performed examination and sample collection on the above evidence. Additional personnel may have conducted laboratory processing in this case. Refer to the case file for this information.

The column entitled “Available for Additional Testing?” refers to the physical item(s) of evidence specifically outlined in the “Description”. This availability reflects the disposition at the time the physical item was returned to secure storage. Where noted, “swabbings” were collected and consumed during laboratory processing; however, the original physical item may be available for additional sample collection.

## Results, Opinions, and Interpretations:

**STR Processing**

The evidence listed below was subjected to PCR amplification at the following STR genetic loci: TH01, D3S1358, vWA, D21S11, TPOX, DYS391, D1S1656, D12S391, SE33, D10S1248, D22S1045, D19S433, D8S1179, D2S1338, D2S441, D18S51, FGA, D16S539, CSF1PO, D13S317, D5S818, and D7S820. The sex-determining Amelogenin locus was also examined.

**Lab Item 16.1 - Swabbing from mouth/rim area and underside of cap from Ozarka water bottle**

The DNA profile obtained from the swabbing from the mouth/rim area and underside of the cap from the Ozarka water bottle (Item 16.1) yielded a full male DNA profile. For comparison purposes, this DNA profile will be utilized as the surreptitious standard for Eugene Henley.

**Lab Item 17.1 - Swabbing from the prongs from the fork**

Number of contributors: 1 male
Individually included: donor of the DNA profile to Ozarka water bottle (Item 16.1) LR = approximately 250 sextillion ($250 \times 10^{21}$)
Excluded: Rayshawn Williams (Item 4)
donor of the DNA profile to black paper straw (Item 11)

The probability of observing this DNA profile is approximately 250 sextillion times more likely if it originated from the donor of the DNA profile to the Ozarka water bottle (Item 16.1) than if it originated from an unknown random contributor.

**Lab Item 11: Black paper straw**

The DNA profile obtained from the black paper straw (Item 11) yielded a full male DNA profile. For comparison purposes, this DNA profile will be utilized as the surreptitious standard for Sylvester Robinson.

**Lab Item 12: Clear plastic straw**

*The clear plastic straw (Item 12) was submitted as a surreptitious standard, but yielded a mixture DNA profile and therefore is unsuitable for comparison.*

| | |
|---|---|
| Number of Contributors: | 3 (at least 2 males) |
| Individually Included: | donor of the DNA profile to black paper straw (Item 11) LR = approximately 424 septillion (424 x $10^{24}$) |
| Excluded: | Rayshawn Williams (Item 4) |
| | donor of the DNA profile to Ozarka water bottle (Item 16.1) |

The probability of observing the mixture DNA profile is approximately 424 septillion times more likely if it originated from the donor of the DNA profile to the black paper straw (Item 11) and two unknown random contributors than if it originated from three unknown random contributors.

**Lab Item 15: Metal fork**

*The metal fork (Item 15) was submitted as a surreptitious standard, but yielded a mixture DNA profile and therefore is unsuitable for comparison.*

| | |
|---|---|
| Number of Contributors: | 2 males |
| Individually Included: | donor of the DNA profile to black paper straw (Item 11) LR = approximately 3.87 septillion (3.87 x $10^{24}$) |
| Excluded: | Rayshawn Williams (Item 4) |
| | donor of the DNA profile to Ozarka water bottle (Item 16.1) |

The probability of observing the mixture DNA profile is approximately 3.87 septillion times more likely if it originated from the donor of the DNA profile to the black paper straw (Item 11) and an unknown random contributor than if it originated from two unknown random contributors.

**Lab Item 5.1.1: Swabbing from back of strap and shoe (left)**

| | |
|---|---|
| Number of Contributors: | 3 (at least 1 male) |
| Assumed Contributor: | Rayshawn Williams (Item 4) |
| Uninformative: | donor of the DNA profile to black paper straw (Item 11) LR = approximately 0.0991 |
| | donor of the DNA profile to Ozarka water bottle (Item 16.1) LR = approximately 0.124 |

Assuming Rayshawn Williams (Item 4) is a contributor to the DNA profile obtained, foreign DNA was detected.

The likelihood ratio values noted above for the donor of the DNA profile to the black paper straw (Item 11) and the donor of the DNA profile to the Ozarka water bottle (Item 16.1) are within the uninformative range. Therefore, this does not provide sufficient support for whether they are included or excluded as contributors to this sample. Internal validations and published studies help inform the limits of STRmix to where a false positive or false negative result may

possibly arise. Likelihood ratios with exponents between $10^{-3}$ and $10^{3}$ have the potential to support a false inclusion or exclusion based on LVMPD internal validation studies.

**Lab Item 5.2.1: Swabbing from back of strap and shoe (right)**

Number of Contributors: 3 (at least 1 male)
Assumed Contributor: Rayshawn Williams (Item 4)
Uninformative: donor of the DNA profile to black paper straw (Item 11) LR = approximately 5.60
donor of the DNA profile to Ozarka water bottle (Item 16.1) LR = approximately 1.30

Assuming Rayshawn Williams (Item 4) is a contributor to the DNA profile obtained, foreign DNA was detected.

The likelihood ratio values noted above for the donor of the DNA profile to the black paper straw (Item 11) and the donor of the DNA profile to the Ozarka water bottle (Item 16.1) are within the uninformative range. Therefore, this does not provide sufficient support for whether they are included or excluded as contributors to this sample. Internal validations and published studies help inform the limits of STRmix to where a false positive or false negative result may possibly arise. Likelihood ratios with exponents between $10^{-3}$ and $10^{3}$ have the potential to support a false inclusion or exclusion based on LVMPD internal validation studies.

**Lab Item 6.1.1: Swabbing from heel area of "HYTEST" black socks**

Number of Contributors: 2 (at least 1 male)
Assumed Contributor: Rayshawn Williams (Item 4)
Excluded: donor of the DNA profile to black paper straw (Item 11)
donor of the DNA profile to Ozarka water bottle (Item 16.1)

Assuming Rayshawn Williams (Item 4) is a contributor to the DNA profile obtained, foreign DNA was detected.

A portion of the mixture DNA profile was removed from the Local DNA Index System (CODIS). The profile is not suitable for searching in CODIS because too many non-probative hits were returned from the database.

**Lab Item 6.2.1: Swabbing from heel area of "Under Armour" sock**

Number of Contributors: 3 (at least 1 male)
Assumed Contributor: Rayshawn Williams (Item 4)
Uninformative: donor of the DNA profile to black paper straw (Item 11) LR = approximately 0.326
donor of the DNA profile to Ozarka water bottle (Item 16.1) LR = approximately 0.0292

Assuming Rayshawn Williams (Item 4) is a contributor to the DNA profile obtained, foreign DNA was detected.

The likelihood ratio value noted above for the donor of the DNA profile to the black paper straw (Item 11) and the donor of the DNA profile to the Ozarka water bottle (Item 16.1) are within the uninformative range. Therefore, this does not provide sufficient support for whether they are included or excluded as contributors to this sample. Internal validations and published studies help inform the limits of STRmix to where a false positive or false negative result may possibly arise. Likelihood ratios with exponents between $10^{-3}$ and $10^{3}$ have the potential to support a false inclusion or exclusion based on LVMPD internal validation studies.

**Lab Item 8: Swab from mouthpiece of "Powerade" bottle**
**Lab Item 9: Swab from stain on "Powerade" bottle**

| | | |
|---|---|---|
| Number of Contributors: | 1 male | |
| Individually Included: | Rayshawn Williams (Item 4) | LR = approximately 2.80 nonillion ($2.80 \times 10^{30}$) |
| Excluded: | donor of the DNA profile to black paper straw (Item 11) | |
| | donor of the DNA profile to Ozarka water bottle (Item 16.1) | |

The probability of observing the DNA profile is approximately 2.80 nonillion times more likely if it originated from Rayshawn Williams (Item 4) than if it originated from an unknown random contributor.

**Notes and Disclaimers**

*Administrative*:

1. The evidence was returned to secure storage.
2. Dates of laboratory testing: 02/27/2023 to 03/08/2023
3. This report does not constitute the entire case file. The case file may be comprised of worksheets, images, analytical data and other documents.
4. Refer to the table beginning on the first page of this report for the disposition of the physical item(s) of evidence received and examined by the laboratory. DNA extracts generated for each item, and cuttings taken from the physical evidence for laboratory processing, have been retained by the laboratory. This includes items previously denoted as not having physical sample available for additional testing. Information regarding the volume and quantity of DNA extract remaining is contained in the case file.
5. The reported DNA profile results can aid in answering questions regarding *who* may have deposited DNA on an item of evidence and *where* this DNA was deposited. However, the presence or absence of a DNA profile cannot answer questions with regards to the timeframe and/or circumstances in which the DNA was deposited on an item of evidence.
6. Evidence collected directly from the body or personal items removed directly from the body are intimate samples; therefore, the donor may be reasonably assumed to be present should the item produce a DNA profile that is suitable for comparison.
7. In instances in which contributors can be assumed, no statistical calculations will be reported for the assumed contributors.
8. For comparison purposes, please collect reference buccal swab(s) from individuals believed to be involved in (or who have had reasonable access to) this incident. When a reference buccal swab is obtained, please submit a Forensic Laboratory Request to complete the case.

*STR Processing:*

1. Where applicable, STRmix was used for interpretation. The number of contributors utilized is the most likely number required to reasonably explain the observed evidence DNA profile. This assessment was made during analysis with consideration of the quality of the DNA profile data.
2. Where applicable, likelihood ratios (LR) were calculated to assess whether there is statistical support for each submitted reference standard to be included or excluded, individually, as a contributor to the reported DNA profile(s). The reported LR value for an “Individually Included” or “Uninformative” reference standard is reflective of the likelihood ratio calculation associated with the designated number of contributors and listed individual, *without* being considered in combination with other reference standards, except where an “Assumed Contributor” is denoted. The LR value answers the question “How many times more (or less) likely is it to observe the evidence DNA profile if the individual listed is a contributor to the DNA profile, than if the person listed is not a contributor?”

3. The likelihood ratios are constructed using a pair of propositions which represent alternate ways to explain the evidence. This includes assumptions as to the number of contributors present in the DNA profile, relevant background information such as sample type, and, unless otherwise noted, that each unknown contributor is *unrelated* to the named reference standards. As a range of propositions might explain the DNA evidence, either interested party to this case, prosecution and/or defense, may request an additional evaluation that incorporates an additional proposition more accurately representing their position. All requests must be submitted in a timely manner, must be reasonable given the test results, and must be within the capability and validated application of the program used.
4. Statistical probabilities were calculated using the recommendations of the National Research Council (NRC II) utilizing the NIST database (Hill, C.R., Duewer, D.L., Kline, M.C., Coble, M.D., Butler, J.M. (2013) U.S. population data for 29 autosomal STR loci. Forensic Sci. Int. Genet. 7: e82-e83 and Steffen, C., Coble, M., Gettings, K., Vallone, P. Corrigendum to 'U.S. Population Data for 29 Autosomal STR Loci' [Forensic Sci. Int. Genet. 7 (2013) e82-83]. Forensic Sci. Int. Genet. 31 (2017) e36-e40). The probability that has been reported is the most conservative value obtained from the US Caucasian (CAU), African American (AA), and Hispanic (HSP) population databases. All likelihood ratios calculated by the LVMPD are truncated to three significant figures.

The results reported above relate only to the items received and examined. The results are stated under the heading "Results, Opinions, and Interpretations".

Leah Groveman

Leah Groveman, P#15822
Forensic Scientist

\- END OF REPORT -