# EXHIBIT 173

# United States Department of Justice

## United States Attorney's Office
## Central District of California

*Kevin J. Butler / Jena A. MacCabe*
*Phone: (213) 894-6495/5046*
*E-mail: kevin.butler2@usdoj.gov/jena.maccabe@usdoj.gov*

*1300 United States Courthouse*
*312 North Spring Street*
*Los Angeles, California 90012*

March 19, 2026

**VIA E-MAIL**

Craig A. Harbaugh
Harbaugh Law, PC
360 E. 2nd Street, Suite 800
Los Angeles, CA 90012
213-986-8656
Email: craig@harbaugh.law

Scott Adam Pactor
Law Offices of Scott Pactor
934 23rd Street
San Diego, CA 92102
619-260-2636
Fax: 619-260-0058
Email: scottpactor@yahoo.com

Peter Johnson
Peter Johnson Law, P.C.
407 North Pacific Coast Highway, 651
Redondo Beach, CA 90277
310-295-1785
Fax: 213-219-2907
Email: peter@peterjohnsonlaw.com

Kristen Nicole Richards
Anthony M Solis APLC
23679 Calabasas Road Suite 412
Calabasas, CA 91302-1502
310-940-9624
Email: knrichards85@gmail.com

Michael M. Levin
Wegman and Levin APC
4605 Lankershim Boulevard, Suite 650
North Hollywood, CA 91602
818-980-4000
Fax: 818-980-4080
Email: mml@wegmanlevin.com

John D. Robertson
Law Offices of John D. Robertson APC
1021 South Union Avenue
Los Angeles, CA 90015
213-482-8893
Fax: 213-482-5002
Email: jdrlaw@hotmail.com

Carlos L. Juarez
Law Office of Carlos L. Juarez
PO Box 2464
Riverside, CA 92516-2464
951-742-7354
Fax: 951-742-7358
Email: juarezlaw52@yahoo.com

Kenneth A Reed
Law Offices of Kenneth A Reed
406 West 4th Street
Santa Ana, CA 92701
714-953-7400
Fax: 714-953-7412
Email: kenneth@kennethreedlaw.net

Re: United States v. Eugene Henley, et al.
No. 25-CR-211(A)-FLA
Government's Expert Disclosure re: Rollin' 60s Neighborhood Crips

Counsel:

Pursuant to the 2022 Amendments to Federal Rule of Criminal Procedure 16(a)(1)(G), this letter constitutes the government's disclosure relating to its intention to call as a witness at trial in the above-captioned matter Los Angeles Police Department Detective Nehemiah Choe, who may provide expert or opinion testimony pursuant to Rules 702, 703, and/or 705 of the Federal Rules of Evidence.

The government reserves the right to supplement this letter with additional information about Detective Choe and/or his testimony prior to trial.

**A. Complete Statement of Opinions**

At trial, the government intends to call Detective Choe to testify regarding the topics set forth below.

1. Rollin' 60s Neighborhood Crips

Detective Choe is expected to testify that the Rollin' 60s Neighborhood Crips is a criminal street gang with over 1,000 members and that gang members and associates are involved with various crimes including violent crime, robbery, extortion, illegal gambling, and others. The members and associates engage in these activities for the purpose of enriching themselves and the Rollin' 60s and to maintain control over Rollin' 60s territory. In short, Detective Choe will testify that Rollin' 60s members and associates are aware of, and participate in, these criminal activities for the purpose of benefiting themselves and the gang.

Detective Choe will testify that Los Angeles gang culture, particularly among senior Crips members, has historically intersected with the hip-hop and entertainment industry, and how that intersection has been exploited to extend gang influence, extort artists and promoters, and launder proceeds.

Detective Choe will testify that Nipsey Hussle was a well-known, self-avowed, and proud member of the Rollin' 60s and that defendant Eugene "Big U" Henley was known as his manager and another famous Rollin' 60s Crip leader.

2. Rollin' 60s Hierarchy and Structure

Detective Choe is expected to testify regarding the Rollin' 60s hierarchy and leadership structure, including that there are "OGs" and loosely structured by generation, with several cliques corresponding to the age of its members. An "OG" or "original gangster" is a founding or longstanding senior member whose seniority confers authority to sanction or prohibit conduct

by young members. Critically, an OG can "put in work" on behalf of the gang or direct others to do so—i.e. violence can be authorized or punished downward through the hierarchy.

Detective Choe is also expected to testify that members of the younger generations of the Rollin' 60s generally carry out the day-to-day operations of the gang by way of drug trafficking, armed protection of their neighborhood and drug territory from rivals, extortion, vehicle thefts, retaliatory shootings, and the operation of gang hangout and stash locations. Members and associates of the gang are expected to engage in these activities to provide revenue for the gang, increase the gang's fearful reputation, and to maintain the gang's control over the territories it claims as its own. In turn, by taking part in these criminal activities, members and associates of the gang earn respect within the gang and thereby maintain and increase their positions within the gang. Rollin' 60s members and associates gain status within the gang by engaging in crimes in furtherance of the gang, including violent crimes, and the most violent crimes, such as shootings and murders, often earn Rollin' 60s members the most credibility and respect within the gang.

3. Street Slang and Rollin' 60s Signs and Symbols

Detective Choe is expected to testify that Rollin' 60s members and associates (as well as other Los Angeles gang members) use certain street slang, including the following:

- "Blower," "Tool," and "Toy" all refer to a firearm in Los Angeles and Rollin' 60s slang and, specifically, a handgun;
- "Put in work" refers to committing crimes or controlling territory on behalf of the gang;
- "Violate" refers to violation of gang codes and that when a member is "violated," they are "disciplined" or "DP'd" for that violation;
- "Crippin" refers to operating in the gang;
- "6-0's" refers to members of the Rollin' 60s;
- "Paperwork" refers to court documents or police reports, usually relating to documents that show an individual working with law enforcement or cooperating;
- "Rat" refers to someone who is cooperating or "snitching" on members of the Rollin' 60s gang;
- "Taxing" refers extorting individuals for protection or for permission to conduct criminal activities within a territory;
- "Racks" refers to denominations of $1,000;
- "Lick" refers to a robbery.

Detective Choe will also testify that the gang uses the Seattle Mariners logo and gear as identifiers—the blue and green color scheme corresponding to Crip blue and the "S" symbol carrying gang significance for the "Sixties."

**B. Witness's Qualifications**

Detective Choe's testimony is based on his experience in law enforcement and approximately nine years of experience working directly on or collaborating with Los Angeles Police Department officers (and other law enforcement officers and agents) on Rollin' 60s and other gang cases. Detective Choe has been a Police Officer with the Los Angeles Police Department since June 2017. During his career he has spent approximately 4 years as a patrol officer assigned to Rollin' 60s territory. Detective Choe was assigned to 77th Gang Enforcement Detail for 4 years, specifically assigned to conduct enforcement, monitor, and collect intelligence on the Rollin' 60s on a daily basis. Detective Choe recently became an investigator at 77th Gang Detectives, investigating and solving all gang crimes within 77th Division, especially the Rollin' 60s.

During his tenure at the Los Angeles Police Department, Detective Choe has been involved in hundreds of arrests, interviews, and field contacts with gang members, including Rollin' 60s members. In addition to the these, he has developed extensive knowledge of the Rollin' 60s and other Los Angeles-area gangs through hundreds of contacts with witnesses, victims, cooperators, former gang members, and confidential informants. During Detective Choe's career he has cultivated multiple confidential informants who have provided him information regarding gang activity in Los Angeles.

During his tenure with the Los Angeles Police Department, Detective Choe has investigated or participated in investigations involving, among others, murder, assault, robbery, extortion, drug trafficking, illegal gambling, and vehicle theft.

**C. Bases and Reasons for Opinions**

The bases and reasons for Detective Choe opinions are his training, as well as his knowledge and experience gained while investigating cases involving the Rollin' 60s and other gangs in Los Angeles, including through interviews with defendants, witnesses, victims, cooperators, former gang members, and confidential informants, review of seized evidence, and consultation with other gang experts and other law enforcement officers while they were investigating cases involving the same.

**II. <u>Qualifications, Bases, and Reasons for Findings</u>**

Detective Choe's qualifications are described above. Detective Choe has not authored any publications in the last ten years.

Since 2022, Detective Choe has testified and / or been qualified as an expert witness in the following courts[1]:

- Los Angeles Superior Court
  - Case: BA494537
  - Charge: Cal. Penal Code § 187(a) - Murder
  - Defendant(s):
    - Jenkins, Edward
    - Stewart, Robert
    - Logan, Reginald

- Inglewood Juvenile Court
  - Case: 26IJJJ00043
  - Charge: Cal. Penal Code § 664/187(a) - Attempted Murder
  - Defendant(s): Adkins, Der'reon

- Los Angeles Superior Court
  - Case: 25CJCF05140
  - Charge: Cal. Penal Code § 211 - Robbery
  - Defendant(s): Kelley, Dakaira

## III. Approval

Consistent with Rule 16(a)(1)(G)(v), Detective Choe's signature below signifies that he has reviewed the above disclosure and approves of its contents.

______________________________
Detective Choe

[1] Fed. R. Crim. P. 16(a)(1)(G)(iii) requires the disclosure of a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

Please contact us if you believe that the notice that you have received provides inadequate notice under Rule 16(a)(1)(G). The government also reserves the right to supplement this expert notice in advance of trial.

In addition, pursuant to Fed. R. Crim. P. 16(b)(1)(C), the government hereby again requests reciprocal disclosure from the defense of any testimony defendant intends to use at trial under Fed. R. Evid. 702, 703, and/or 705 as well as all reciprocal discovery to which the government is entitled under Rules 16(b) and 26.2 of the Federal Rules of Criminal Procedure.

Please let me know if you have any questions or would like to further discuss any of the matters raised above.

Very truly yours,

KEVIN J. BUTLER
Assistant United States Attorney