# EXHIBIT 174

HARBAUGH LAW

VIA ELECTRONIC MAIL

March 17, 2026

**Jena Avery MacCabe, AUSA**

**Kevin James Butler, AUSA**

Office of US Attorney

Violent and Organized Crime Section

312 North Spring Street, Suite 1300 Los Angeles, CA 90012

**Re: United States v. Eugene Henley – Disclosure Requirements under Rule 16, 701, and 404(b)**

Dear AUSAs MacCabe and Butler:

We acknowledge the government's agreement to provide expert and Rule 404(b) notice. To ensure these disclosures are sufficient, we provide this letter to clarify the specific requirements the defense expects the government to satisfy.

**1. Expert Disclosures (Fed. R. Crim. P. 16(a)(1)(G))**

For each witness the government intends to call under Federal Rules of Evidence 702, 703, or 705, the Rule 16 disclosure must include:

A complete statement of all opinions the government will elicit from the witness in its case-in-chief;

The bases and reasons for those opinions;

The witness's qualifications, including a list of all publications authored in the previous 10 years; and

A list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

**2. Lay Opinion Notice (Fed. R. Evid. 701)**

To the extent the government intends to elicit opinion testimony from any law enforcement witness that it characterizes as "lay opinion" under Rule 701, we request notice of:

The identity of the witness;

The specific subject matter of the opinion; and

The perceived factual basis for the opinion.

This notice is necessary to determine whether such testimony is properly characterized as lay opinion or whether it constitutes "specialized knowledge" subject to the requirements of Rule 702 and Rule 16.

HARBAUGH LAW

**3. Cellular Telephone Evidence and Cellebrite Extractions**

It is the defense's position that any testimony beyond the simple task of plugging a electronic device into Cellebrite or any similar forensic tool constitutes expert testimony within the meaning of Federal Rule of Evidence 702. This includes but is not limited to the Government's assertion that Mr. Henley only turned off his cellphone twice. Accordingly, any witness the government intends to call to offer such testimony must be disclosed and qualified as an expert, and the government's disclosure must fully comply with the requirements of Fed. R. Crim. P. 16(a)(1)(G) as set forth in Section I above.

The defense will object to any attempt to introduce such testimony through a lay witness under Rule 701.

**4. Rule 404(b) Notice (Fed. R. Evid. 404(b)(3))**

The government's notice of "other acts" evidence must satisfy the 2020 amendments to Rule 404(b)(3), which require the prosecution to:

Articulate the permitted purpose for which the evidence is offered; and

Provide the reasoning that supports that purpose.

**5. "Inextricably Intertwined" Evidence**

If the government intends to introduce any uncharged conduct on the theory that it is "inextricably intertwined" with the charged offenses, we request that you identify that evidence and the specific basis for that characterization in advance of the deadline for motions in limine.

We look forward to receiving these disclosures by the agreed-upon date.

Sincerely,

*/s/ Craig A. Harbaugh*

Craig A. Harbaugh

*/s/ Peter Johnson*

Attorneys for Eugene Henley